

Filed
Clerk of Court
United States District Court
By jamesburrell
On: January 6, 2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | INDICTMENT NO: 1:26cr-003 |
| | ) | |
| v. | ) | 18 U.S.C. § 1349 |
| | ) | Wire Fraud Conspiracy |
| JAVED ASHIQ | ) | |

**THE GRAND JURY CHARGES THAT:**

<u>COUNT ONE</u>
*Wire Fraud Conspiracy*
18 U.S.C. § 1349

<u>The Conspiracy</u>

1. Beginning on a date unknown to the Grand Jury, but by no later than on or about July 10, 2024, and continuing through no earlier than on or about August 16, 2024, in Columbia County, within the Southern District of Georgia, and elsewhere, the Defendant,

**JAVED ASHIQ,**

did knowingly, willfully, and unlawfully combine, conspire, and agree with other persons, unknown to the Grand Jury, to commit wire fraud in violation of 18 U.S.C. §1349, that is, to knowingly and with intent to defraud, devise and intend to devise a scheme to defraud and to obtain money from others by means of materially false and fraudulent pretenses, representations, and promises, knowing they were false and fraudulent when made, and for the purpose of executing such scheme to defraud and to obtain money, caused the transmission of wire communications in interstate and foreign commerce.

## The Object of the Conspiracy

2. The object of the conspiracy was for the Defendant, **JAVED ASHIQ**, and his co-conspirators to unlawfully enrich themselves by obtaining cryptocurrency and gold from Victim 1, a person known to the Grand Jury, who was defrauded through misrepresentations, including, but not limited to, statements to Victim 1 that Victim 1's identity was stolen and in order to preserve Victim 1's money, Victim 1 needed to withdraw funds from Victim 1's bank account and obtain cryptocurrency and gold; and that Victim 1's assets would be protected if Victim 1's transferred cryptocurrency to a bitcoin account provided by co-conspirators and obtain gold to give to an alleged "undercover federal agent" for safekeeping.

## Manner and Means of the Conspiracy

3. The Defendant, **JAVED ASHIQ**, and others sought to accomplish the objects of the conspiracy through the following manner and means, among others:

    a. At least one member of the conspiracy would and did call Victim 1, a resident of Columbia County, Southern District of Georgia, and victims elsewhere, posing as a representative of Xfinity and reporting to Victim 1 that Victim 1's identity was stolen;

    b. At least one member of the conspiracy would and did tell Victim 1 that Xfinity was required to notify the Federal Trade Commission of the identity breach and that a member of the Federal Trade Commission would call with further instructions to protect Victim 1's assets from the identity breach;

c. At least one member of the conspiracy would and did call Victim 1, posing as a representative of the Federal Trade Commission and requesting access to Victim 1's computer;

d. At least one member of the conspiracy would and did gain access to Victim 1's computer and financial accounts, by making false and fraudulent pretenses, representations, and promises to Victim 1;

e. Once granted access to Victim 1's computer, at least one member of the conspiracy would and did direct Victim 1 to transfer money to one of Victim 1's bank accounts, withdraw funds to obtain cryptocurrency and gold, and to transfer the cryptocurrency to a bitcoin account and give the gold to an alleged "undercover federal agent," in order to secure the protection of Victim 1's funds from the identity breach;

f. At least one member of the conspiracy would and did receive thousands of dollars in cryptocurrency from Victim 1, through false and fraudulent pretenses, representations, and promises;

g. At least one member of the conspiracy would and did direct Victim 1 to purchase gold, send images of the gold receipts to confirm the purchases, and provide tracking information for the purchases;

h. Upon Victim 1's receipt of the gold, at least one member of the conspiracy would and did direct Victim 1 how to repackage the gold and secure it for pickup from an alleged "undercover federal agent;"

i.  At least one member of the conspiracy would and did provide Victim 1 with a password to provide to the alleged "undercover federal agent" for each gold pick up;

j.  At least one member of the conspiracy, including the Defendant, **JAVED ASHIQ**, would and did travel to Victim 1's residence, provide Victim 1 the password for that transaction, and retrieve and attempt to retrieve gold purchased by Victim 1;

k.  At least one member of the conspiracy, including the Defendant, **JAVED ASHIQ**, would and did pose as an alleged "undercover federal agent" and receive and attempt to receive hundreds of thousands of dollars in gold from Victim 1, who was under the belief it was in protection of Victim 1's assets because of the feigned identity breach and the false and fraudulent pretenses, representations, and promises by at least one member of the conspiracy;

l.  At least one member of the conspiracy, including the Defendant, **JAVED ASHIQ**, would and did communicate with at least one other member of the conspiracy for the purpose of securing additional gold pickup contracts in support of the objects of the conspiracy;

m.  At least one member of the conspiracy, including the Defendant, **JAVED ASHIQ**, researched the value of gold, which receipt was one of the purposes of the conspiracy; and

n.  At least one member of the conspiracy, including the Defendant, **JAVED ASHIQ**, would and did perform additional actions and omissions to achieve

the purposes of the conspiracy and to shield the full scope of the conspiracy from discovery.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION

The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense alleged in Count One of this Indictment, the Defendant, **JAVED ASHIQ**, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained, directly or indirectly, as a result of such violation, including but not limited to: a money judgment in the amount of at least approximately $543,699.84.

If any of the property described above, as a result of any act or commission of the Defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c).

A True Bill.

_____
Foreperson

_____
Margaret E. Heap
United States Attorney

_____
Kelsey L. Scanlon
Assistant United States Attorney
Lead Counsel

_____
Patricia G. Rhodes
Assistant United States Attorney
Chief, Criminal Division

7